**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ANGEL BADILLO CRESPO | Civil No. 21-1516 |
| Plaintiff | |
| Vs. | |
| HON. CHRISTIAN E.CORTÉS FELICIANO, Mayor of the City of Aguada, LUIS A. ACEVEDO JIMENEZ, Director of Public Works for the City of Aguada, in their official and personal capacity, the MUNICIPAL GOVERNMENT OF AGUADA and John Doe and Jane Doe | |
| Defendants | |

**COMPLAINT**

**TO THE HONORABLE COURT**:

**COMES** now Plaintiff through the undersigned attorney, and respectfully alleges and prays:

**PLEADINGS COMMON TO ALL COUNTS OR CAUSES OF ACTION**

**Jurisdiction of this Honorable Court**

1.- The jurisdiction of this Court is invoked pursuant to the provisions of Title 28 United States Code, Sections l331, l343(3) (4); Title 42 United States Code, Sections l983; and the First, Fifth and Fourteenth Amendments to the Constitution of the United States.

2.- This complaint is an action under 42 USC, Section l983, based on the Plaintiff deprivation of his civil and constitutional rights guaranteed by the Constitution and Laws of the United States, by the defendants. The amount in

controversy exceeds the minimum under 28 USC l33l.

3.- This Honorable Court also has jurisdiction pursuant to 28 U S C § 1332 over the state law claims under Law Number 100 of 1959, as amended, 29 L.P.R.A., Section 146 and the Bill of Rights of the Constitution of the Commonwealth of Puerto Rico, Sections 1, 4, 6 and 7 of Article II.

## Type of Proceedings

4.- Plaintiff claim is twofold; first he prays for a mandatory injunction under Federal Rule of Civil Procedure Number 65, ordering the defendants to reinstate Plaintiff' duties and responsibilities in accordance to the position he held, before defendants acted to deprive him of his Civil and Constitutional Rights as stated in this Complaint. Plaintiff demands that defendants be enjoined from discriminating against him, because of his political beliefs.

5.- It is also a suit for compensatory damages arising from the political persecution to which plaintiff has been subjected to by defendants.

6.- The facts hereinafter alleged in this Complaint constitute violations of Plaintiff protected rights under the First, Fifth and Fourteenth Amendments to the Constitution of the United States.

7.- The facts hereinafter alleged in this complaint constitute violations of plaintiff' protected rights under Sections l, 4, 6 and 7 of Article II of the Constitution of the Commonwealth of Puerto Rico.

8.- The facts set out hereinafter in this complaint are actionable under the Constitution of the Commonwealth of Puerto Rico and the Laws of the

Commonwealth of Puerto Rico, Law Number 382 of 1950, 29 L.P.R.A., Section 136-138 and, Law Number 100 of 1959, as amended, 29 L.P.R.A., Section 146.

9.- Section 137 of 29 Puerto Rico Laws Annotated, established the presumption that the demotion, transfers, persecution or firing is politically motivated if it is done without cause.

### State Remedies Invoked Under 42 USC 1988 and Pendent Jurisdiction

10.-  Whether liability be predicated under the Federal Civil Rights Act or under the Constitution and Laws of the Commonwealth of Puerto Rico, all the liability arises from a common nucleus of operative facts.

11.- Under 42 USC 1988 and **Sullivan v. Little Hunting Park**, **Inc.**, **396 U.S. 229 (1969)** the Court should extend the protection afforded by the Commonwealth of Puerto Rico to its employees, for said policy is in furtherance of the public policy established by Congress for persons who have been deprived of their civil rights and who have prosecuted their actions under 42 USC 1983.

12.- Plaintiff invokes the pendant jurisdiction of this Honorable Court with respect to all claims under the Constitution and Laws of the Commonwealth of Puerto Rico.

13.- Under Law Number 382 of 1950, 29 Puerto Rico Laws Annotated, Section 136, make it illegal for any employer to in any form discriminate against any person, because of that persons political beliefs.

14.-   Law Number 100 of 1959, as amended, 29 Puerto Rico Laws

Annotated contains the same prohibition, in Section l46.

**Claims for Relief**

15.- At all times herein mentioned, and in all matters complained of herein, the defendants, and each of them acted in full knowledge that they were violating the rights of Plaintiff as protected under the Constitution and the Laws of the United States.

16.-The law with respect to defendants conduct, and the conduct of each and every one of them, was clearly established as illegal and violative of plaintiff rights under the Constitution and Laws of the Commonwealth of Puerto Rico.

17.- The action of the defendants was solely motivated by plaintiff political beliefs, plaintiff having been satisfactorily performing his duties and there existing no other cause for the political persecution that plaintiff has being subjected to.

18.- Plaintiff is affiliated to the New Progressive Party in the elections held in November of 2020, he supported the candidate for mayor in the city of Aguada for the New Progressive Party, Dr. Berty Echevarría. Because of his political beliefs, plaintiff has been subjected to political persecution by defendants.

19.- Plaintiff political beliefs were known to defendants at all times relevant to this compliant. Plaintiff political beliefs and their association with persons of similar beliefs are activities protected by the First, Fifth and

4

Fourteenth Amendments to the Constitution of the United States of America.

20.-Plaintiff, Angel Badillo Crespo is a career employee of the Municipal Government of Aguada and holds the position of Conservation Supervisor. He began working for the Municipal Government of Aguada in 2005.

21.- Dignity is an inviolable right that is guaranteed by the United States Constitution as well as the Puerto Rico Constitution.

22.- Defendants acted against plaintiff without charges, without notice and without a hearing.

23.- The acts of the defendants were done deliberately, knowing that it was unlawful, with the bad faith knowledge that they were violating plaintiff federally secured rights.

24.- Plaintiff is entitled under the Laws of the Commonwealth of Puerto Rico to be free from the obligation of mitigation of damages under such circumstances as are herein above set forth.

25.- Plaintiff is entitled to damages for violation of his Constitutional Rights plus damages for his actual losses, and for his pain, suffering, anguish and humiliation.

26.- Plaintiff is entitled to a finding that defendants actions of taking away his duties and responsibilities as well as  his transfer were politically motivated and as such a violation of his Federal and State Constitutionally Protected Rights as well as the rights guaranteed to him by State Law.

27.-  Defendants, and each of them, have been obstinate in fomenting

this litigation.

28.- Defendant Christian Cortés Feliciano is the Mayor of the City of Aguada and as such is the nominating authority of the Municipal Government of Aguada. He is also the President of the Popular Democratic Party in the City of Aguada.

29.- Defendant Luis A. Acevedo Jimenez is the Director of Public Works for the Municipal Government of Aguada and an active member of the Popular Democratic Party.

30.- Defendants John Doe, Jane Doe, Richard Roe and others, are fictional names of unknown defendants which will be included once their names are discovered.

31.- All defendants are citizens of the Commonwealth of Puerto Rico.

32.- The present action is directed to all named defendants, in their official capacity and in their personal capacity as individuals.

33.- An action by defendant Mayor Cortes-Feliciano  as the nominating authority of the Municipal Government of Aguada, constitutes the official policy of the Municipality and as such the Municipal Government of Aguada is liable to plaintiff.

34.- Under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and the Equal Protection Clause contained in Article II, Section 7 of the Commonwealth Constitution, equal rights should be extended to  Plaintiff.

6

35.- Pursuant to the provisions of 42 USC, Section 1988 Plaintiff, should he prevail on any issues herein, is entitled to reasonable attorneys' fees in this action.

36.- Pursuant to the provisions of Title 32, Rules of Civil Procedures of the Commonwealth of Puerto Rico, App. II, Rules 44.1(d) and 44.3(b), plaintiff is also entitled to attorneys' fees for the defendant's obstinacy and pre-judgment interest from the date of the filing of this complaint.

### Specific Facts Relevant to this Claim

37.- Plaintiff is an active member of the New Progressive Party and he was active in the November 2020 elections, activity which is protected by the First, Fifth and Fourteenth Amendments of the Constitution of the United States and the Bill of Rights of the Constitution of the Commonwealth of Puerto Rico.

38.- Plaintiff political affiliation is well known to defendants.

39.-In the 2020 general elections defendant Christian Cortés Feliciano won his candidacy for Mayor and as such was sworn in as Mayor of Aguada in January 2021.

40.- Plaintiff Angel Badillo Crespo held the position of Brigade Supervisor since 2006 and as such had under his supervision around 10 employees.

41.- Plaintiff Angel Badillo Crespo has performed his duties and responsibilities in the positions that he has held in the Municipal Government of Aguada in an excellent manner. He has never had any complaints as to his

performance.

42.- On December 15, 2020 while working for the Municipal Government of Aguada, plaintiff was involved in  a car accident for which he had to report to the State Insurance Fund until January 19, 2021.

When he returned to work he was assigned to a workman's brigade in charge of cleaning roads. This brigade already had a director, reason for which he was order by co-defendant Luis Acevedo Jimenez to be in charge of the traffic in the areas were the workman's brigade was working.

43. - On February 8, 2021, plaintiff informed co-defendant Luis Acevedo that he had a medical appointment and that same day he returned with a medical certificate from Dr. Michelle Santiago, which credited that because of his health condition he was unable to work from February 8 until February 21, 2021.

44.-  His medical condition worsened and on February 22, 2021, he went to the State Insurance Fund where, after being evaluated, he was diagnosed with  "Cervicalgia, cervical strain/ sprain, cervical, organic, secondary, related". He was ordered to rest until March 7, 2021. A copy of this medical evaluation was given by plaintiff to defendant Luis Acevedo Jimenez.

45.- The next day, February 23, 2021, co-defendant Christian Cortés Feliciano, Mayor of the City of Aguada, informed plaintiff of his intention of dismissing him because co-defendant Acevedo-Jimenez had informed him that plaintiff was absent without leave from February 5, 2021 until February 22,

2021.

46.- When plaintiff complaint to defendant Luis A. Acevedo Jimenez, he informed him that this were instructions of the mayor because there were too many New Progressive Party employees and they had to make room for employees of the Popular Democratic Party.

47.- On that same day he went to see the mayor, defendant Christian Cortés Feliciano, and asked him why he signed the letter of intention to dismiss him when he had presented all the medical evidence that justify his absence. The mayor told him that he had no use for employees that were sick, specially, if they were members of the New Progressive Party, and that if he was not in agreement with his determination he could appeal that determination, but he should bear in mind that sooner or later he was going to dismiss him because he needed his position for members of the Popular Democratic Party that were loyal to him and had worked for him and the Popular Democratic Party in the 2020 elections.

48. - Plaintiff requested the informal hearing that career employees are entitled to before a dismissal. *Cleveland Board of Education v. Loudermill, 470 U.S.532 (1985).*

The hearing was held before the examiner Guillermo Garau Díaz, who on March 29, 2021 made the following determination:

"In light of the aforementioned, we understand that the absences of the referenced employee were not of vicious character and without reasonable justification. On the contrary, his medical condition, which

did not allow him to work, is duly accredited. The fault of the referenced employee is reduced to not informing his supervisor about his medical condition before he was notified of the intention of suspend him from employment and salary or remove him for abandonment of service. The fault committed is proportionate to a written reprimand to this employee personnel file."

49. - Before the examiner determination was notified, plaintiff had returned to work and once again was assigned to a workmans brigade that already had a director, this time he was assigned to cleaning roads as the others workmans were doing, although he held the position of workmans brigade director.

Once again, plaintiff complaint to defendants Luis Acevedo Jimenez as Director of Public Works for the City of Aguada and to the Mayor Christian Cortés Feliciano and their response was that, that was all they had for him, that if he did not like it he still had the option to resign, which for him and the mayor was the best option.

50.- On March 3, 2021, he was sent as " Supervisor" at the waste dump located at Rotario Avenue in Aguada. There, he was to supervise three workman.

51.- When he reported to the waste dump at 6:00 A.M. there were no other employee to supervise. At the entrance there is a small shack which has no electricity, is in extreme poor conditions and is the only place that plaintiff can protect himself from the sun and the rain and even when it rains the water filters from the roof making it impossible to have a real protection against the

rain and the heat. No responsibilities were assigned to him.

52.-   When plaintiff finished his first working day, he went to co-defendant Luis Acevedo Jimenez to protest about the working conditions at the waste dump and he was told that those were the instructions of co-defendant Christian Cortés Feliciano and that if he wanted to continue working for the Municipality of Aguada, that's what they had for him and that he had to understand that his political  party, referring to the New Progressive Party, was no longer in power and that if he had any complaints he should take it to the mayor, Christian Cortés Feliciano.

53.- Once again plaintiff went to the mayor's office and was able to speak to him and the mayor told him that that's all he had for him and that he had to fill all available positions with those that supported him in the general elections and are members of the Popular Democratic Party.

54.- Plaintiff told the mayor that those working conditions were inhuman and that, as a matter of fact, no one has assigned him any responsibilities.

The mayor abruptly told him that if he didn't like the position that was offered he always had the alternative to resign and that he could spend the working hours opening and closing the gates of the waste dump and that he would see about his allegations that the shack at the entrance had no electricity and when it rains, the water filters in the shack. This happened on the 3rd or 4th of March of 2021.

55.- As to the day of the filing of this complaint, the shack has no

electricity into which a fan can't be connected, the water continues to filter inside when it rains, the three employees that were going to work under his supervision were never sent and his whole responsibilities is to open and close the gates when a dump truck of the municipality comes with the trash that has been collected.

56.- The smell at the waste dump is unbearable and as stated before there is no protection against the weather conditions, be it, the heat of the sun or the water when it rains.

57.- As of today nothing has been done to correct defendants violation of plaintiffs constitutionally protected rights.

58.- Defendant Luis A. Acevedo Jiménez consented to the discrimination, harassment and humiliation that plaintiff was being subjected to, and as his immediate supervisor did nothing to prevent the violation of plaintiffs constitutionally protected rights.

59.- The only reason why plaintiff was transferred to the waste dump was to punish him for his active participation in the 2020 election for the New Progressive Party.

60.- As of today plaintiff continues to spend the entire day at the Waste Dump doing practically nothing under conditions that are not proper for any human being, deprived to perform in an effective way as he used to do in his previous positions that made him feel pride in honestly earning his salary.

61.- Defendants' actions against Plaintiff constitutes an intentional

political harassment and a clear violation of plaintiff Federal and State Constitutionally protected rights.

62.- Plaintiff Angel Badillo Crespo has suffered and continues to suffer the humiliation and the degradation of his dignity as a citizens and employee by the actions of defendants by forcing him to spend the whole day sitting in a chair without doing anything.

63.- Plaintiff is a career employee of the Municipal Government of Aguada. Plaintiff history of performance as employee of the Municipality is excellent, there being no complaints or admonishments filed against him.

64.- Plaintiff has become the laugh and gossip of all municipal employees since it is well known that the only reason for his transfer to the waste dump was to humiliate him for his active participation in favor of the New Progressive Party in the 2020 general elections in Aguada.

65.- All these harassment, humiliation, mental anguish, grief, pain and distress that plaintiff has suffered and continues to suffer on a daily basis is being done intentionally by defendants with the deliberate purpose of offending, humiliating and punishing plaintiff, solely because of his affiliation to the New Progressive Party.

## **Absence of Good Faith**

66.- The **Branti v. Finkel**, (445 U.S. 507), doctrine was well rooted.

67.- Defendants in this case, nevertheless, under color of state law, decided to defy the Courts, knowing as they know, that by transferring and

removing plaintiff responsibilities and not allowing him to perform any functions solely for his political affiliation to the New Progressive Party, constitutes a violation of plaintiff constitutionally protected rights, *Gomez v. Toledo*, 446 U.S. 635, 640 (1980), , also,*Gutiérrez Rodríguez v. Cartagena*, 882 F.2d 553 (1st Cir. 1989).

## First Cause of Action

65.- Now appears plaintiff, in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs l to 67, with the same force and effect as if set forth at length herein.

66.-Plainitff duties and responsibilities were taken away for the sole reason of being affiliated and an active member of the New Progressive Party. His transfer to the dump waste was done for the same reason. This constitutes a violation of plaintiff Constitutional Rights. It is a well-established legal doctrine that a violation of a Constitutional Right even for a minimum period of time constitutes an irreparable injury.

67.- The damages caused to plaintiff by defendant's illegal violation of his Federally Protected Rights, are reasonably estimated in the amount of $1,000,000.00.

## Second Cause of Action

68.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 67, with the same force and effect as if set forth at length herein.

69.- As a result of defendants' actions, plaintiff has suffered great mental anguish, grief, much anxiety, humiliation, pain and distress.

70.-The damages suffered by plaintiff are evaluated in an amount not less than $1,000,000.00. These damages were caused, and will continue to be caused, exclusively by the unconstitutional, illegal, negligent and tortuous acts and omissions of the defendants, rendering them jointly and severally responsible to plaintiff for any award warranted for his damages.

### Fourth Cause of Action

71.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 67, with the same force and effect as if set forth at length herein.

72.- Their acts show defendants did not act in good faith and punitive damages should be imposed on defendants jointly and severally which are reasonably estimated in $1,000,000.00.

### Fifth Cause of Action

73.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 67, with the same force and effect as if set forth at length herein.

74.- Plaintiff was subjected to political harassment by defendants, Christian Cortés Feliciano and Luis A. Acevedo Jimenez because they knew and know that plaintiff is without duties and responsibilities to perform. As

Mayor of the Municipality of Aguada, defendant Christian Cortés Feliciano has done nothing to prevent and or correct the violation of plaintiff constitutionally protected rights. Defendant Luis A. Acevedo Jimenez as Director of Public works and plaintiff immediate supervisor has done nothing to prevent and or correct the violation of plaintiff constitutionally protected rights. For this he feels humiliated and suffered damages that are reasonably estimated in the amount of $1,000,000.00.

## Sixth Cause of Action

75.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 67, with the same force and effect as if set forth at length herein.

76.- Pursuant to Federal Rules of Civil Procedure Number 65, plaintiff request that an order be issued against defendants in their official capacity, ordering them that the duties and responsibilities that plaintiff had before they were taken away be restored and that they be enjoined from discriminating against him in violation of the cited Federal and State Constitutions and Laws.

## Trial By Jury

77. - A Trial by Jury is requested in all causes of actions.

**WHEREFORE,** plaintiff respectfully prays this Honorable Court to:

a.   Assume Jurisdiction of this action;

b.   Enter an Order granting a Preliminary and Permanent Injunction

prohibiting, restraining and enjoining, the defendants, agents, or anyone acting in concert with them or pursuant to their orders; or, their successors in any representative capacity from violating any Constitutional Rights of plaintiff;

c.  Enter an Order granting a Preliminary and Permanent Injunction ordering defendants, and each of them, or their agents and successors to give back the duties and responsibilities that plaintiff had before they were taken away;

d.  Grant plaintiff damages and punitive damages against the defendants, and each of them, jointly and severely;

e.  Accept its pendent and ancillary jurisdiction over the parties and grant plaintiff all his rights under the Constitution and Laws of the Commonwealth of Puerto Rico;

f.  Enter an Order granting plaintiff reasonable attorney's fees, costs and pre-judgment interests;

g.  Grant such other and further relief that to this Honorable Court may deem just and proper.

In Aguadilla, Puerto Rico this 25 day of October of 2021.

*S/Israel Roldan-Gonzalez*
**ISRAEL ROLDAN-GONZALEZ**
**USDC-PR No. 115602**
**35 Progreso**
**Aguadilla, P.R. 00603**
**Tel. 891-1359**
**irg@roldanlawpr.com**

## UNSWORN STATEMENT UNDER PENALTY OF PERJURY

I, Angel Badillo Crespo, of legal age and resident of Aguada, Puerto Rico, solemnly declare that:

That the facts stated in the complaint filed in the United States District Court for the District of Puerto Rico against the Mayor of the City of Aguada, Christian Cortés Feliciano and Luis A. Acevedo Jimenez, Director of the Public Works for the City of Aguada, are true and correct and were informed by me to my legal counsel, Israel Roldán González. The complaint was translated to me in Spanish.

I declare under penalty of perjury that the foregoing is true and correct.
In Aguadilla, Puerto Rico on the 22nd day of October of 2021.


**ANGEL BADILLO CRESPO**