# United States Court of Appeals
## For the First Circuit

No. 24-1167

ÁNGEL BADILLO-CRESPO,

Plaintiff - Appellant,

v.

CHRISTIAN E. CORTÉS-FELICIANO, Mayor of the Municipality of Aguada; LUIS A. ACEVEDO-JIMÉNEZ, Director of Public Works for the Municipality of Aguada; MUNICIPAL GOVERNMENT OF AGUADA,

Defendants - Appellees,

JOHN DOE; JANE DOE,

Defendants.

Before

Barron, Chief Judge,
Gelpí and Montecalvo, Circuit Judges.

**JUDGMENT**

Entered: August 11, 2025

     Plaintiff-appellant Ángel Badillo-Crespo filed suit in the United States District Court for the District of Puerto Rico, alleging adverse changes in his employment as a municipal worker due to partisan political discrimination. Badillo invoked the federal Constitution and 42 U.S.C. § 1983. The matter eventually went to a jury trial, and, per a verdict sheet, the jury determined that Badillo had been subjected to "unreasonably inferior working conditions" but that this treatment had not occurred "because of his political beliefs." The district court entered a judgment for the defense and dismissed all claims with prejudice. Badillo moved for post-verdict relief, which was denied. This appeal followed.

     Before this court, Badillo maintains that the district court abused its discretion by failing to help him salvage claims based on the "unreasonably inferior working conditions" found by the jury and based on a legally-cognizable right to "dignity" under the commonwealth's constitution. Badillo acknowledges that such a claim(s) was not pled but insists such a claim(s) would have

been discernable. See Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168 (1st Cir. 1995) (following decision in favor of defense under federal statute, district court could consider possibility of exercising supplemental jurisdiction over plaintiff's potential unpled claim under commonwealth law). When adjudicating Badillo's post-verdict motion, the district court rejected Badillo's attempted pivot, noting that his theory of liability always had been wholly grounded in his allegations of political discrimination.

Having considered carefully Badillo's briefs and arguments, we are not persuaded that the district court abused its discretion as Badillo contends. The jury's finding of inferior working conditions was not, of its own force, so compelling that the district court was *required* to resolve the post-verdict motion in Badillo's favor. Rodriguez *might* mean that the district court would have been permitted to provide the post-verdict treatment Badillo sought, as Badillo contends, but neither that decision nor any other decision Badillo cites legitimately suggests that the district court abused its discretion by denying Badillo's request on this record.

The judgment of the district court is **AFFIRMED**. The motion for oral argument is **DENIED** as moot in light of the foregoing.

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Israel Roldan-González
Emil J. Rodríguez-Escudero
Jorge Martínez-Luciano